## FRANK RAY EDDY v. DOROTHY M. STAUFFER

37 So (2nd) 417                                    June Term, 1948
November 12, 1948                                  En Banc

*Walker & Walker,* and *Keen O'Kelly & Spitz,* for petitioner.
*Harry E. King,* for respondent.

HOBSON, J.:

This case is before the Court upon a petition for a Writ of Certiorari to review and set aside an interlocutory order entered by the Hon. Don Register, Circuit Judge, in and by which order said Judge determined that the Circuit Court of Polk County, Florida, had jurisdiction to determine the question of custody of Frank Ray Eddy, Jr., the minor son of the parties hereto. After determining the question of jurisdiction, the learned Judge awarded the custody of Frank Ray Eddy, Jr., to his mother, Dorothy M. Staufer, until further order of the Court.

The petitioner takes the position that the lower court wrongfully and erroneously assumed jurisdiction of this cause and of Frank Ray Eddy, Jr., the child whose custody is in question. Petitioner asserts several reasons for his position. His most serious contention, and the only one which we consider worthy of discussion, is that the Superior Court of Cook County, Illinois, first assumed jurisdiction of the minor, in a divorce suit in that Court, and entered an order awarding custody to his father and granted the right of reasonable visitation to the mother, including the full right to have said minor with her for a period of four weeks out of each summer vacation and that although the boy was in Polk County, Florida, in the lawful and authorized custody of his mother at the time of the institution of this suit, the Superior Court of Cook County, Illinois, has exclusive jurisdiction of its ward, to-wit: Frank Ray Eddy, Jr.

With this contention we cannot agree. It would serve no useful purpose to discuss the numerous cases cited in the briefs of counsel. Counsel for petitioner cite respectable authority to sustain their contention that full faith and credit should be accorded the decrees of sister States in cases involving the question of custody of minors, not necessarily as an incident to the so-called full faith and credit clause of the Federal Constitution but certainly upon the basis of comity. The decided authorities are in conflict on this question. Some of this Court's decisions appear, upon a cursory examination, to lack consistency but, upon detailed examination, do not appear

to be subject to such criticism. However, there is approximate unanimity of opinion to the effect that the Courts of a State where a child may be residing, even temporarily, have jurisdiction to make such orders concerning the child's custody as his welfare may from time to time require. This is almost uniformly the rule if the court of original jurisdiction may modify its custody decree. The courts of Illinois may do so, as is clearly demonstrated by the transcript of proceedings had in the Superior Court of Cook County, Illinois. See People of the State of New York ex rel Halvey v. Halvey, 330 U. S. 610, 91 L. Ed. 1133 (1947); Reynolds v. Stockton, 140 U. S. 254, 264, 35 L. Ed. 464, 467; Minick v. Minick, 111 Fla. 469, 149 So. 483.

This young man whose custody is in question is approximately fifteen years of age. The transcript of record of the proceedings in the Superior Court of Cook County, Illinois, reveals the fact that said minor was but six years of age at the time that Court originally granted his custody to the father. Subsequently, said Court, on July 22nd, 1943, and again on May 23rd, 1946, modified its decree with respect to custody. By the latter order the Illinois Court approved and confirmed the Master's Report and supplemental report, and ordered "that the plaintiff should have the full right to have said children with her for a period of four weeks out of each summer vacation." That record further shows the Master and the Court gave marked consideration to the expressed desire of the minors (one of whom is Frank Ray Eddy, Jr.) to remain in the custody of their father. We quote from the Master's Report and findings:

"In accordance with the agreement hereinbefore mentioned, the Master had a talk with both boys at length. They appeared to be average youngsters and exhibited manners which speak well for the training and supervision they receive. They are of sufficient age and intelligence to express their preferences. Fortunately, or otherwise, they both have developed certain likes and dislikes. . . .

6. That said children are both of sufficient age and intelligence to be able to express a *sound* preference.

7. That both children have expressed unqualifiedly their desire to remain in the care and custody of their father." (underscoring supplied)

Judge Register stated in his Order that this young man expressed to him "an unqualified preference to remain in the custody" of his mother.

Although the minor's preference is never controlling, the desire of a strapping six-foot boy of high school age should be given great weight. (Fielding v. Highsmith, 152 Fla. 837, 13 So. (2nd) 208; State ex rel Cline v. Cline, 91 Fla. 300, 107 So 446; Marshall v. Reams, 32 Fla. 499, 14 So. 95.) It is our opinion that the passage of time has wrought such a change of conditions as to justify the application of the almost universal rule that the Court where the minor is found may make an interlocutory order when intervention is necessary for the welfare of the child. This child is passing through a crucial period. His immediate welfare is at stake. Indeed, the course of his life may be affected adversely by a refusal of the Florida Courts to consider his unquestioned preference. He has reached an age when, unperturbed, he should have and exercise reasonable discretion. The Illinois Court had that view in 1946. The Chancellor before whom he appeared in person in the instant case likewise entertained that view. It is not suggested that the respondent mother is not a fit and proper person to have her elder son's custody. The mother, her present husband, their home and its milieu have received the stamp of approval from both the Illinois Court and the Circuit Court of Polk County, Florida. In fact, a careful examination of the transcript of record of proceedings in the Illinois Court leads us to the conclusion that if this instant controversy were now before that Court the pivotal point would be the "unqualified preference" of Frank Ray Eddy, Jr.

The lower court was not in error in assuming jurisdiction nor in entering the interlocutory order granting custody to the respondent. The Court's action in so doing should be commended rather than condemned by reversal.

The Petition for Writ of Certiorari should be and it is hereby denied.

948

TERRELL, CHAPMAN, ADAMS, SEBRING and BARNS, JJ., concur.

THOMAS, C. J., dissents.