CHAPMAN, Justice
(concurring specially).
Prior to December 7, 1951, Leo C. Weld-gen and wife, Eleanor A. Weldgen, and children, Leo J. Weldgen, age ten, and Kenneth A. Weldgen, age two, resided in or near the City of Buffalo, Erie County, New York. It appears that the parties had considered or discussed between themselves a separation agreement, custody of the two minor children, and possibly a divorce. The husband, Leo C. Weldgen, filed in the Supreme Court of Buffalo, Erie County, New York, an action for separation against his wife, Eleanor A. Weldgen. Process issued and was served on her under date of December 7, 1951. She, on the same date, took the two children and went to Miami, Florida. She failed to answer the separation action filed against her and did not contest it in any manner.
On January 25, 1952, the Supreme Court of Erie County, New York, heard the cause and entered a default against Eleanor A. Weldgen because of her failure to answer or plead to the action filed against her. Pertinent here are the following provisions of the order entered by the Supreme Court of Erie County New York, in said cause: (1) Ordered, adjudged and decreed that Leo C. Weldgen, this plaintiff, be and he is hereby separated from the defendant, Eleanor A. Weldgen, her bed and board forever because of the cruel and inhuman treatment and because of the abandonment of the plaintiff, Leo C. Weldgen, by the defendant, Eleanor. A. Weldgen; (2) Ordered, adjudged and decreed that Leo C. Weldgen, this plaintiff, be and he is hereby awarded the care, custody and control of Leo J. Weldgen and Kenneth A. Weldgen, *421 the infant issue of said marriage between the plaintiff and the defendant.
Leo C. Weldgen went to Miami, Florida, and located his wife and two minor children. On February 29, 1952, he filed in the Circuit Court of Dadé County, Florida, a petition for writ of "habeas corpus alleging that his wife, Eleanor A. Weldgen, was then unlawfully restraining the liberty of the two minor children of the parties as said children had been unlawfully removed from Erie County, New York, to Dade County, Florida. It was further alleged that under the separation decree dated January 25, 1952, the Supreme Court of Erie County, New York, awarded the custody and control'of the two minors to the father-petitioner and under the full faith and credit clause of the Federal Constitution the Courts of Florida should enforce the decree and judgment entered in the Supreme Court of Erie County, New York, with reference to the custody and control of the two minor children. It was further alleged that the mother was an unfit and improper person to have the care, custody and control of the two minor children and the circumstances of the parties had not, changed since the date of the decree, to-wit, January 25, 1952.
The writ issued as prayed for and was served on Eleanor A. Weldgen in Dade County, Florida. She admitted leaving the State of New'York with the two children and arriving in Florida on December 12, 1951, for the purpose of establishing a residence in the State of Florida, and that it was her intention to make Florida her home and now considers herself and children residents of Florida. She alleged that she was a fit and proper person to have the custody and control of the two minor children. She specifically denied that the final decree entered in the Supreme Court of New York was res adjudicata as to the custody and control of the minor children; that the New York court has no jurisdiction over the two minor children; and the welfare of the children, as a matter of law, is always the controlling factor in awarding their custody or control. She further alleged 'that she was a fit and proper person to have the custody of the two children, especially the .infant about two ye.ars of age, and that the ten year old child has'expressed a desire and intention to be with his mother rather than his father.
Evidence was taken on the issues made by the pleadings and it affirmatively appears therefrom that the mother was a fit and proper person to have the custody of the minor children. The Court held that the children were not being restrained of their liberty iby their mother and that the final decree of January 25, 1952, entered by the Supreme Court of Erie County, New York was not res adjudicata of the issues made by the pleadings in the cause and was not entitled to full faith and credit. The Court remanded the custody of the- children to their mother, Eleanor A. Weldgen, and discharged the writ. The petitioner-husband appealed.
On appeal here it is contended that the Court 'below erred in refusing to give full faith and credit to the New York decree. Our adjudications are to the point that the welfare of minor children must always be carefully considered in awarding the custody of children. The evidence adduced reflects that the mother is a fit and proper person to have the custody of the children. -Minors are wards of the courts ‘and their best interest must always be considered. The mother’s fitness was-not an issue before the New York court when the final decree was entered. See Eddy v. Stauffer, 160 Fla. 944, 37 So.2d 417.
The exact- issues adjudicated by the Supreme 'Court of Erie County, New York, are not made clear by the record. It is quite true that this Court, on many occasions, has given full faith and credit to judgments and decrees of other States and entered appropriate orders or decrees enforcing the same, but a serious doubt exists as to whether the decree sought to be enforced in th.e case at bar has and possesses sufficient finality to enforce the same. The mother’s fitness to have the custody of the children was an issue in the lower Court but not in the New York Court. The question of their best interest and welfare was -not presented to the New York court-but was an issue iii the -lower court. The welfare of a child is *422 not static but may change from day to day along with other changing conditions and circumstances. It has not been made to appear that the lower court erred in discharging the writ of habeas corpus previously issued in the case.