HOBSON, Justice
(dissenting).
Because I was the author of the opinion in the case of Eddy v. Stauffer, 160 Fla. 944, 37 So.2d 417, 418, I desire to explain why I have decided to dissent from the Per Curiam Order of affirmance upon authority of Eddy v. Stauffer, supra. In said case we made express reference to the fact that there had been a change of conditions since the entry of the decree in the Superior Court of Cook County, Illinois. That decree was originally entered when the boy whose custody was in question was only six years of age and the last modification of the Illinois Court’s decree was made two years or more before the Florida litigation. In the interim the boy had become fifteen years of age, was a strapping six-foot youngster and had lived at times with each of his parents.
In the instant case no change of conditions since the entry of the decree by the Supreme Court in and for the County of Erie, State of New York, was shown. Consequently, the rule which we applied in the case of Eddy v. Stauffer, supra, that where there has been a change in conditions “the Court where the minor is found may make an interlocutory order when intervention is necessary for the welfare of the child” is not applicable.
In this habeas corpus proceeding the issue as to whether full faith and credit should be given to the decree of the New York Court is squarely raised. The test to be applied in this case in determining whether full faith and credit should be given to the New York decree is not whether that decree constitutes “res adjudicata” but rather whether that decree operates as an “estoppel by judgment.” The cause of action in Florida is different from that which was brought in New York State although each suit is between the same parties. An issue upon the question of the custody of the child was created by the pleadings and passed upon by the New York Court which Court by virtue of personal service upon Eleanor A. Weldgen had jurisdiction of the parties and it unquestionably had jurisdiction of the subject matter. It follows, therefore, that since there has been no change of conditions the New York decree operates as an “estoppel by judgment” and should be accorded full faith and credit by the Courts of Florida. See Gordon v. Gordon, Fla., 59 So.2d 40.
SEBRING, C. J., and THOMAS, J., concur.