101 So.2d 367 (1958)
Clyde A. EPPERSON, Petitioner,
v.
Jane Burge EPPERSON, Respondent.
Supreme Court of Florida.
February 14, 1958.
Rehearing Denied March 13, 1958.
Rosenhouse & Rosenhouse, Miami, for petitioner.
Ross Williams, Miami, for respondent.
THORNAL, Justice.
Appellant, Clyde A. Epperson, who was defendant below, seeks reversal of an order of the Chancellor declining to modify custody aspects of a divorce decree in favor of appellee, Jane Burge Epperson, who was plaintiff below.
*368 The determining factor is the sufficiency of the showing made to justify a modification of the decree.
Pursuant to the prayer of appellee's complaint, the Chancellor on April 22, 1955, granted to appellee-wife a divorce from the appellant-husband. The decree contained provisions for various allowances to the wife and awarded to her the custody of the four minor children of the parties with visitation privileges by the husband as hereafter summarized. When the decree was entered the minor daughter was 15 years of age. The parties had three sons aged 13, 9 and 4, respectively.
On August 15, 1955, the appellant-father petitioned the Chancellor to modify the custody aspects of the decree. After extensive hearings before the Chancellor an order was entered May 9, 1956, denying the prayer for modification. The petition for rehearing on this order was filed May 18, 1956. Honorable J. Fritz Gordon, the Chancellor who heard the original divorce matter, thereupon recused himself from further participation in the case and the matter of the petition for rehearing was referred to Honorable Harold Vann. Judge Vann was of the view that, on the basis of the petition filed, he had no authority to reverse or otherwise change the order of Judge Gordon. Appellant now seeks reversal of the order of the Chancellor by which modification of the decree was denied.
It is contended by the appellant-husband that the evidence produced by him justified a modification, especially the evidence with reference to the desire of his three sons to live with him instead of with their mother.
The appellee contends that the evidence as a whole adequately supports the view of the Chancellor that the best interests of the minors required that the custody provision of the original final decree remain unchanged.
With particular regard to the view of Judge Vann that he would not be justified in disturbing the order of his predecessor, Judge Gordon who had recused himself, we think that the order on rehearing was supported by our decision in Groover v. Walker, Fla. 1956, 88 So.2d 312. An examination of the petition for rehearing leads us, as it evidently did Judge Vann, to the conclusion that the appellant was there merely undertaking to reargue the matters previously disposed of by the predecessor-Judge. In substantial measure the petition merely takes issue with the conclusions reached by the Chancellor in the first instance on the facts found and the points considered in the original hearing. We, therefore, feel that the rule of Groover v. Walker, supra, was applicable and the subsequent Chancellor had no authority to disturb the decree of his predecessor on petition for rehearing. This rule would not preclude the successor-Chancellor from consideration of a petition to modify the original decree on the basis of evidence presented to him.
Lest our opinion in Groover v. Walker, supra, be broadened by interpretation, we think it well to observe that in that case as here the petition for rehearing should have been denied at all events because it was merely a reargument of the matters previously decided by the predecessor-Chancellor. We have the view that if the Chancellor who entered the final decree is available and willing to act on a petition for rehearing then the matter should not be acted upon by another judge. 21 C.J.S. Courts § 501. However, if the original Chancellor is unable by virtue of death, disability or other equivalent event, or is unwilling by reason of recusation of other cause to consider the rehearing petition, then a successor-Chancellor may consider it under such circumstances.
If the petition for rehearing is merely a reargument on points and facts considered by the original Chancellor, then the successor-Chancellor is without authority on such basis to reverse his predecessor. *369 Such a petition for rehearing should be denied. On the other hand, as we pointed out in Groover v. Walker, supra, if the petition for rehearing bona fidely and within the proper scope of such a petition tenders a point which the original Chancellor clearly overlooked or failed to consider with the result that the final decree would be inequitable or erroneous, then the successor-Chancellor is within his authority to act on the merits of the petition. As pointed out by the Supreme Court of Rhode Island in Payne v. Superior Court for Providence County, 1951, 78 R.I. 177, 80 A.2d 159, 163, 82 A.2d 167, the rule (which it related to the law of the case) "is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function."
On the merits of the petition for modification it will be noted that the petition was filed less than four months after the entry of the original decree. The petitioner-father sets out at considerable length the fact that he has an adequate home and ample means with which to provide for his sons. It is clear from the record that the daughter prefers to remain with the mother. It is equally clear that the sons prefer to live with the father. In fairness to the children it should be stated that there is no apparent animosity by any of them toward either of their parents. They are merely confronted by a difficult situation which was not of their making.
The record here sustains the conclusion that both parents would be considered fit and proper to enjoy the custody of their children. They are both well educated, intelligent individuals, of good moral character and seem to be equally devoted to their offspring. It is a too often repeated tragedy in domestic relations that people such as these are compelled to part their ways thereby depriving themselves of the mutual privileges and responsibilities of parenthood. However, we must face the undesirable situation as we find it and apply the broad and consoling conscience of equity to a solution consistent with the rights of the parties over which we must superimpose the best interests of the children.
In resolving domestic problems there is little substitute for the judgment of an able and experienced Chancellor, who, as here, hears the testimony, views the parties and witnesses and concludes himself on the basis of his direct, personal contact with the litigation. Consistent with this view we are not inclined to disturb the order under assault especially since the petition to modify the prior custody decree was filed less than four months after the decree was entered. It well could have been that the Chancellor desired to require a longer testing period before varying his original custody decree. We cannot find that he abused his discretion in arriving at the conclusion which he reached.
The appellant, however, is not precluded from reappearing before the Chancellor, now that a much longer time has elapsed, in order to seek a relaxation of the rather restrictive limitations of the custody decree. We re-deposit this problem with the Chancellor because doubtless some further testimony will have to be taken and we think the Chancellor should be accorded the opportunity to determine initially whether the custody provisions should be changed. For the guidance of the Chancellor and the parties we announce certain considerations suggested by this record which under established precedents should enter into a determination of the rights of the parties. State ex rel. Sparks v. Reeves, Fla. 1957, 97 So.2d 18.
It is noted that the daughter Jane is now about 18 years of age; the son Clyde is 16; son Frazier is 12; and son Fletcher is 7. When the final decree was entered in April, 1955, the Chancellor was of the view that as of that time the best interests of the children required that they "should stay together in the custody of the *370 mother." Keeping children together in one family circle is often conducive to their wellbeing. This is particularly true of children of tender years. On the matter of custody of children in divorce cases see 10 Fla.Jur. "Divorce, Separation and Annulment" Sec. 246 et seq. This is not so important as the children reach more mature years and when, as here, the two parents have homes in the same community, relatively close together and the children in the separate homes have opportunities for companionship with each other. Giles v. Giles, 1954, 6 Fla. Supp. 169, affirmed, Fla., 83 So.2d 41.
The boys have definitely expressed a preference to reside with their father. The daughter desires to remain with her mother. Under the final decree which the appellant sought to have modified the boys were permitted to visit their father from 10 A.M. to 6 P.M. on alternate Saturdays, and from 10 A.M. Saturday to 6 P.M. Sunday on intervening weekends. It is noted that no provision was made for visitation of the father by the daughter.
We agree that where, as here, both parents are equally fit morally and otherwise, a teenage daughter would likely be more congenial with her mother. This is so because she is entering young womanhood, an age when the companionship, counsel and guidance of the mother is peculiarly required by a daughter.
By the same process of reasoning it appears to us that the boys, and especially the older two, would normally have greater need for the counsel and companionship of their father. While there can be no substitute for the sacrificial love and devotion of a mother, the normal father of growing boys should fit more naturally into the youngsters' pattern of life. When, as here, normal and intelligent boys of the ages of 16 and 12 express a decided preference for the companionship of one parent over the other, we think their preference should be accorded due weight in settling the matter of custody. In some measure, but in lesser degree perhaps, the wishes of the younger boy should also be considered. The preference of the children is not absolutely controlling but it should be given considerable weight as between parents of relatively equal fitness, as the instant case appears to present. Eddy v. Staufer, 160 Fla. 944, 37 So.2d 417; Cone v. Cone, Fla. 1953, 62 So.2d 907.
It is counter to human nature to try to harness the routine of a teenage boy to the clock and the calendar. He has to have "leg room" in both time and space within which to operate. If there is any virtue to paternal fellowship with a son, and we believe that nature itself supports the view that there is much, then the opportunities for such fellowship should not be unreasonably circumscribed by arbitrary time barriers that force both parent and child to live in a judicial straight-jacket. To this extent we are of the view that the visitation privileges between the appellant-father and the three boys should be substantially liberalized, even to the extent of transferring custody if necessary to accomplish it. This view is, of course, grounded on the assumption that a further hearing reveals that the father continues to be qualified, and the general welfare of the boys otherwise justifies the modification.
It is noted that this matter is brought to us by appeal from an order entered after the final decree. Under the rules applicable at the time this appeal was instituted, the proper procedure to obtain review was by petition for writ of certiorari. However, consistent with Section 59.45, Florida Statutes, F.S.A., we considered the notice of appeal as a petition for certiorari. The proper procedure for obtaining a review of this type of order under presently existing rules would be by notice of interlocutory appeal under Rule 4.2, Florida Appellate Rules.
The petition for certiorari is denied but without prejudice to the right of appellant *371 to reapply for a modification of the custody order in the light of the principles hereinabove announced.
TERRELL, C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.