STATE OF FLORIDA *ex rel.* INEZ L. CLINE, *Plaintiff in Error*, v. R. L. CLINE, *Defendant in Error.*

Division B.

Opinion Filed February 23, 1926.

*Earl T. Heffan* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*A. D. Penney,* for Defendant in Error.

BUFORD, J.—Inez L. Cline, a widow and mother of two children, Jacob Fredric, aged twelve years, and Robert Lee Cline, aged eleven years, filed petition in the Circuit Court of Dade County for a writ of *habeas corpus* against R. L. Cline to recover custody of the two children above named.

The probative force of the evidence shows that the mother and her husband and children resided with the mother's parents in the City of New Orleans, with the exception of about one year, during the lifetime of the husband, and after his death which occurred some three years before this petition was filed the mother and children continued to live with her parents.

R. L. Cline, the paternal uncle of the children for many years also lived in New Orleans, and after the death of the father he contributed to the support of the children. He finally left New Orleans and established himself at

Miami, Florida, and a few months later the children were sent to him at Miami. There is a conflict as to whether or not they were sent to remain with him or merely went on a visit. Which theory is true makes no difference. We find that this uncle had no family, that he has a negro woman housekeeper and it appears from the evidence that this woman lives in the house occupied by the uncle and children, that she has charge of the house and children during the absence of the uncle and that her position in the house is such that she sits in the family circle in the evenings and the uncle reads the paper to her.

In the findings of the Circuit Judge the only facts which he finds to exist against the mother as a proper person to have the custody of the children are that there are some practices indulged in at the home where she resides which are not approved by all good people, though it is a matter of common knowledge that like practice is indulged in in some of the homes of the most respectable people in the country, and the further fact that she is poor. He finds that the uncle is in position to give the children more desirable advantages than may be afforded by the mother and also finds that the children had expressed a desire to remain with the uncle; and he has awarded the custody of the children to the uncle in final judgment.

In State ex rel. Airston v. Bollinger et al., 88 Fla. 123, 101 So. 228, the court says:

"A parent will not be held to have surrendered the custody and control of his child permanently to a stranger, unless it clearly appears that such was his intention; and it will be presumed that the surrender of the custody of the child by his parent is intended to be temporary, unless the contrary clearly appears."

In Marshall v. Reams, 32 Fla. 499, 14 So. 95, this Court has laid down the rule as to the weight to be given the

wishes of the child in regard to its custody in the following language:

"Where the child has reached the age of discretion, it will often be allowed to make its own choice, but this is not a controlling right of the child. Welfare controls choice, and the court will not permit the choice of the infant to lead it into an improper custody. The rights of parents and guardians will also be respected, and such rights will not be disregarded by the courts in order to gratify the mere wishes of a child, when the parent or guardian is a proper person to be entrusted with its custody."

The rule laid down in Hernandez et al. v. Thomas, 50 Fla. 522, 39 So. 641, will apply to a mother seeking the custody of her children when it is shown that she is the only living parent. In such event she must occupy the place of both father and mother and is entitled to the advantage which would be due to either. This rule is applicable to the instant case and is as follows:

"As against strangers, the father, however poor and humble, if of good moral character and able to support the child in his own style of life, cannot be deprived of the privilege by anyone whatever, however brilliant the advantages he may offer. It is not enough to consider the interest of the child alone. And as between father and mother, or other near relatives of the child, where sympathies of the tenderest nature may be confidently relied on, the father is generally to be preferred."

In the case of Lee v. Lee reported in 67 Fla. 396, 65 So. 585, the Court say in speaking of the rights of the father, and such rights pertain to the mother in this case. "At the common law a father is entitled to the custody of his child, in order that he may discharge his parental obligations, and enjoy its society. Defendant has not legally

surrendered or forfeited his parental rights by leaving her for a few years in infancy in the custody of near relatives. Courts do not interfere with these sacred rights and duties except where the best interests and welfare of the child demands it.''

It appears to us that there is no sufficient cause shown to deprive this mother of the right of the custody and control of her children, that the showing made by her was and is entirely sufficient to have warranted a judgment placing the children again under her custody and control. The judgment of the Circuit Court is hereby reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.