ZENOBIA GRIZZARD, Appellant, v. LESLIE GRIZZARD, Appellee

200 So. 209
Division A
Opinion Filed January 31, 1941
Rehearing Denied February 25, 1941

*Norvell & Garrison* and *Manuel M. Glover,* for Appellant;

*Smith & Petteway,* for Appellee.

BUFORD, J.—On appeal, we review decree awarding custody of children to the father and granting divorce to the husband (the father of the children) on the ground of

habitual intemperance in the habitual and continued use of intoxicating liquors.

The record shows that the wife, Zenobia Grizzard, filed bill of complaint seeking a divorce from the husband, Leslie Grizzard, on the ground of extreme cruelty. Leslie Grizzard filed answer and cross-bill. He denied the allegations as to cruel treatment of the plaintiff and alleged sufficient facts which, if proven, would show that the plaintiff was guilty of habitual intemperance, of exhibition of violent and ungovernable temper and of extreme cruelty to the defendant.

Amongst other things, a Master appointed to take testimony and report his findings in fact and law, *inter alia,* reported:

"The defendant is a man of rather unsociable nature, preferring the quietness of his home and books to that of the continual search for pleasure in the company of groups which characterized the plaintiff's desires. It was at this time that the plaintiff contended that Mr. Grizzard began to be rude to guests in her home. It appears from the evidence, and the special master finds as a fact in this case that that rudeness, if any, was caused by a desire on the part of the defendant to force the plaintiff to seek other companions, because of his feeling that she was drinking too heavily and harming herself. A second child was conceived but the plaintiff did not desist from her alcoholic indulgences, drinking frequently during her pregnancy; and the child was born in a dehydrated condition, frail and weak and has never shown the growth of a normal child. The expert witness, who testified concerning the condition of the child, stated that he could not swear as a matter of scientific fact that the condition of the child was due to a prenatal lack of nourishment, caused by acute alcoholism; and further, that medical authorities differ on whether or

not the child could have been affected. However, the master finds that the health of the child may be, and was affected by this drinking.

"From the time of the birth of the child, the plaintiff began to drink more frequently and in greater amounts, becoming actually drunk and intoxicated on numerous occasions. The master finds that the occasions upon which the defendant struck the plaintiff were on occasions when she was intoxicated; and such intoxication was a provocation for the blows which he struck. The times at which he administered blows to his wife were, however, very infrequent; and the one instance, when blows struck would have constituted cruelty, was when the plaintiff, under the influence of intoxicating liquors, and in a period of cold weather, attempted to move the baby, Leslie, from his well heated nursery to a cold room on the upper floor of their home. The master finds that the defendant in the altercation was attempting to, and did prevent this removal. The plaintiff, Zenobia Grizzard, continued to drink more freely and to such an extent that she was on one occasion arrested, placed in jail and plead guilty to the charge of operating a motor vehicle while in an unfit condition, the unfit condition being while intoxicated. A detailed analysis of further times of intoxication on the part of the plaintiff, the master feels to be unnecessary; but, however, finds that the evidence affirmatively discloses that the plaintiff became, and was habitually intemperate, becoming intoxicated at frequent intervals, turning to the use of alcohol at any time of stress. The plaintiff upon several occasions left the home without notifying her husband of her destination, and remained away from the children for periods as long as one night to two or three days. The master finds that the plaintiff has failed to sustain the burden of proof to her allegations of extreme cruelty; it appearing that the defendant

never struck her except when she was in an intoxicated condition and attempting to do some act which he felt would be injurious to her, the home or their children. The plaintiff had a bad reputation throughout the town for sobriety, and the children and the defendant, personally and in his business, suffered from that condition."

As a matter of law, the Master found, *inter alia:* "That the plaintiff and cross-defendant, Zenobia Grizzard, has been guilty of habitual intemperance within the meaning of the Florida statutes; and that the defendant is entitled to a divorce *a vinculo,* of and from the plaintiff and cross-defendant.

"4. That the defendant, Leslie Grizzard, was awarded the custody of the minor children, Woodley Ann and Leslie II, *pendente lite;* that he has obtained the services of Mrs. J. H. Darracott to care for the children and his home; that Mrs. Darracott is ideally suited by her character, personality and experience to care for the children. And the special master, therefore, recommends to the court that it do award the custody of the children to the defendant, Leslie Grizzard; but, however, that the plaintiff be allowed to see said children at such times as will not interfere with their school life and while she is conducting herself properly and abstaining from the unjustified use of alcoholics."

On the report of the master coming in and exceptions being filed thereto, the chancellor considered the record, approved the findings of the Master and entered a decree awarding custody of the children to Leslie Grizzard with the right reserved in Zenobia Grizzard, wife and mother, to be allowed to visit and see said children at such times as will not interfere with or disturb their school life or other welfare, and awarded a decree of divorce to the defendant, cross-complainant.

Appellant has stated two questions for our consideration, as follows:

"First Question: Has the lower court the authority to deny the mother the custody and control of her minor children where the evidence fails to show that she is an unfit person to have their custody and control?"

"Second Question: Has the lower court the authority to grant a divorce on habitual intemperance where the evidence fails to support this ground?"

Neither question finds supporting basis in the record. There were some conflicts in the evidence but the record discloses ample evidence to support the findings of the master hereinabove quoted and, therefore, amply supports the decree of the chancellor.

The decree awarded the complainant, cross-defendant, the sum of $60.00 per month alimony.

On October 11, 1940, appellant filed petition here praying for suit money and alimony in this cause. Upon that petition we deferred action until the final disposition of the cause. Upon consideration of that petition in connection with the record, we are brought to the conclusion that the appeal was without merit and that the appellee should not be penalized by being required to pay the costs and solicitor's fees incident to such appeal.

The petition is, therefore, denied.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.