DAYTON, Associate Justice.
• This is an appeal from a final decree entered by the judge of the Court of Record of Escambia County, sitting as a Court of Chancery, in which appellant was granted a divorce from appellee and appellee was granted the custody of the two minor children of the parties. Appellant challenges the latter portion of the decree and alleges that the same constitutes an abuse of discretion on the part of the Court below.
The Bill of Complaint filed by appellant alleges that he and appellee were married in Pensacola, Florida, on October 7, 1948 and that they are the parents of two -children, Lanier W. Phillips, Jr., approximately two years of age at the time of the filing of the Bill of Complaint and Larry Phillips aged one year at such time. The Bill of Complaint charged appellee with having committed adultery with one Clem Hall and with other men not named in the bill, and further alleges her unfitness to have the care, custody and control of the children and alleges his own fitness and financial ability to care for them. Answer was filed by the appellee as defendant below denying the allegations of the Bill of Complaint and as a counterclaim appellee charged appellant with extreme cruelty and asked the Court to award her the custody of the children together with separate maintenance, support for the children and attorney’s fees. Appellant in reply to ap-pellee’s counterclaim denied the allegations thereof and alleged that on March 20, 1952, appellee assaulted and wounded him with a knife.
The record presents many contradictions but from such portions of the record as appear to be uncontradicted it develops that *326 appellant is an enlisted man in the United States Navy with approximately twelve years of service and that he and appellee were married in Pensacola, Florida and resided there during the greater portion of their married life. It appears that the parties lived together without serious difficulty until appellant’s ship was ordered to Korean waters on or about July, 1950 which necessitated appellant’s absence from home for approximately one year. During the time from December, 1950 or January, 1951 appellee left the children with her landlady, one Lucille Abdelkader, and went to New York where she went through a marriage ceremony with one Clem Flail. The period of her absence from Pensacola varies according to the testimony of the witnesses from four weeks to three months, ■but the fact that she and Clem Flail obtained a marriage license and were married in Brooklyn, New York, is admitted by appellee. Appellee denied living with Clem Flail as his wife, and in this 'her testimony is supported by the testimony of Clem Hall, who also denied that he and appellee lived together as husband and wife. Appellant’s testimony is that his wife admitted to him her adulterous relationship with Clem Hall, and that she thereafter sought to embarrass him with his naval superiors by making a number of unfounded charges against him.
Appellee in her testimony admitted that she went through a marriage ceremony with Clem Hall in Brooklyn, New York, but states that she has no recollection of undergoing any medical examination or blood test incidental to 'her application for marriage license with Clem Hall. She further states that in the office of the marriage license bureau in Brooklyn, New York, Clem Hall threatened her with a knife, ripped her coat off and held the knife at her back throughout the wedding ceremony as a means of compelling her to go through the ceremony. She further stated that she called out for help to two officers who were in the building and that the officers came to her assistance, but that Clem Hall threatened the two officers and they went away.
We note that the Chancellor in his order granted appellant a divorce from appellee on the ground of cruelty, which was not pleaded, and further that the Chancellor denied any award to the appellee for her separate maintenance or solicitor’s fees, but awarded her the sum of $70 per month for the support and maintenance of the two minor children.
The record contains many contradictory statements by various witnesses, but it appears from our examination of the record that the Chancellor was correct in his finding that the equities in the cause are with the plaintiff. We do not agree, however, with his further finding that “Because of the tender age of the children their custody should be awarded to the Defendant.”
It appears to us that the conduct of appellee, who virtually abandoned her children while she journeyed to New York and there entered into a bogus marriage with another man, during the time that her 'husband was on active duty with the Navy in Korea, falls far short of measuring up to the degree of care and devotion to her family normally expected of a wife and mother.
We hold, therefore, that the Chancellor was correct in his finding that the equities in the cause are with the plaintiff, appellant here, but that the record does not contain substantial evidence of the fitness of the appellee to have the care, custody and control of the two minor children of the parties. The decree should be modified so as to grant unto appellant the care, custody and control of the two minor children.
The judgment of the lower Court is reversed with direction to enter an appropriate decree not inconsistent with the judgment of this Court.
The petition of appellee’s solicitor for the allowance of a solicitor’s fee for this appeal is denied.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.