TERRELL, Justice.
Appellee sued appellant for divorce, charging extreme cruelty. The complaint also prayed for custody and control of the two minor children of the parties hereto, Susan Lee Shepard, 8 years of age, and Wendy Ann Shepard, 5 years of age. In her answer appellant, as defendant, denied the material allegations óf the complaint and counterclaimed for divorce, custody and control of the minor children, attorneys fees, suit money, alimony and support for herself and the minor children. At final hearing the chancellor found the equities to be with the plaintiff, granted his prayer for divorce, awarded the custody of the minor children to the paternal grandparents, with right of reasonable visitation to defendant; ordered plaintiff to pay defendant’s attorney a fee of $200; rescinded a previous order requiring plaintiff to pay defendant $10 per week temporary alimony; ordered plaintiff to contribute to support of the minor children to the best of his ability; ordered the court costs taxed and required each party to pay their respective part. The defendant, Hope Lillian Shepard, has appealed from the final decree.
This case might be appropriately affirmed, per curiam, without opinion for the reasons proclaimed in the forepart of our opinion on petition for rehearing in Newmons v. The Lake Worth Drainage District, decided 25th day of April, 1956, except for the question of custody of the minor children, that being the primary concern of the chancellor. This question, like others raised, turns on the interpretation of the testimony which amply' supports the finding and decree of the chancellor. The evidence on this point was significant for its emotional aspect rather than for throwing light on the legal or equitable aspect of the issues raised. We find no abuse of discretion in awarding custody of the minor children to their paternal grandparents. The convincing testimony shows that they are happy and contented with them, that they attend school and church regularly, that they are healthy and well adjusted, have adequate medical care, that they are economically secure, they are well disciplined and live in an ordered home where their environment is commendable. The evidence also shows that the children prefer living with their grandparents who are much better equipped guardians than either of the parents; that they are loved by their grandparents, while the mother is unstable, and the father is not so dependable that he can provide for and care for them in the manner that their circumstances require. We do not overlook the seriousness of taking children from the natural parents and awarding their custody to others but conditions sometime arise that require it. Pittman v. Pittman, 153 Fla. 434, 14 So.2d 671; Phillips v. Phillips, Fla., 67 So.2d 325; Grizzard v. Grizzard, 146 Fla. 17, 200 So. 209; Smith v. Smith, 160 Fla. 870, 36 So.2d 920. In this case the chancellor in terms re *809 tained control of the parties and the subject matter so that either parent, if he or she can make the proper showing, might secure custody of the minor child. Terral v. Terral, Fla., 83 So.2d 270.
We cannot say that the chancellor committed error in refusing alimony to the defendant and in imposing the costs of this litigation on both parties to the cause. The plaintiff was required to make contributions to the support of his children and had a bare subsistence for himself after doing so. Defendant was shown to have worked but earned little above subsistence. It was a case in which the parties could not get along with each other; he did not make enough to support the family living separated; their temperament was such that they could not pool their earnings and operate a family partnership under the same roof. Faced with that kind of a kettle of fish it looks as if the chancellor did about the best that was possible, at least we cannot see where he could have done enough better to reverse him. Kahn v. Kahn, Fla., 78 So.2d 367.
 In the matter of the allowance of attorneys fees, it may be that the amount allowed, $200, was inadequate. The criterion to govern the allowance of attorneys fees in a divorce is “from the circumstances of the parties and nature of the case may be fit, equitable and just”. Section 65.08, Florida Statutes, F.S.A., Hryckowian v. Hryckowian, Fla., 82 So.2d 879. In contested cases what is “fit, equitable and just” is at times beyond the reach of litigants to pay. In such cases the answer to the question is determined by how much the traffic will bear and we cannot say that the chancellor adduced a wrong answer to that question. Such cases are often so unpleasant to litigate that attorneys refuse to take them and it is doubtful if those who do are ever adequately compensated. Such cases may be catalogued as liabilities of the profession.
We have examined the record carefully and we are convinced that the chancellor adopted the best solution available for a pathetic problem so his judgment must be, and is hereby,
Affirmed.
DREW, C. J., and HQ3S0N and THORNAL, JJ., concur.