MANN, Judge.
Pleasure mistaken for happiness is life’s most persistent mirage. Doris Bernstein is a victim of a common disease, the marital blahs. Affection was replaced by indifference, and the marriage died. For years denied a normal sex life, it was apparent that during the long wake between the death of her marriage and the last legal rites she was making up for lost time. During the pendency of her divorce action she had custody of their three young children, and the trial judge doubtless concluded that she was first a woman, then a mother. The final decree gave custody to the father, and she appeals.
The circuit judges of this state bear an enormous responsibility. In this case, for instance, there is evidence that the children’s father is more concerned about image than reality, that he is angry inside and has on occasion been far less than loving to the children, especially the boy. But the custody decree seems wise, particularly in view of the court’s specific reservation of jurisdiction — which our law requires — to modify the custody, removing it from either parent, if necessary, should the welfare of the children require a change. The trial judge has seen the parties; we have not. He has given the mother a chance, knowing that she recognized in herself emotional problems which have required competent professional attention, which she on her own initiative has sought. The father, seemingly upright citizen, active in his community, yet relatively unconcerned about his own role in the tangled web of these five lives, may well prove to be the hare passed by the tortoise. The Circuit Court is always open to the mother’s proof that her emotional growth entitles her to custody. If she should prove that by evidence as substantial as that which underlies the decree here appealed from an order giving her custody would be as free from error as we find the *430 present one to be. We must affirm it. Wilkerson v. Wilkerson, Fla.App.1965, 179 So.2d 592.
We also affirm the award of attorneys’ fees in an amount appellant’s attorneys think inadequate, on authority of Shepard v. Shepard, Fla.1956, 87 So.2d 807.
We think the trial judge did err in decreeing partition of property then held as an estate by the entirety, now as a tenancy in common. True, the parties had themselves listed the house for sale, but neither party sought partition in the pleadings. We must reverse this aspect of the final decree, on authority of Davy v. Davy, Fla.App.1965, 176 So.2d 379.
Affirmed in part, reversed in part.
LILES, C. J., and HOBSON, J., concur.