264 So.2d 49 (1972)
Burton J. GOLDSTEIN, Appellant,
v.
Eileen F. GOLDSTEIN, Appellee.
No. 71-1294.
District Court of Appeal of Florida, Third District.
May 30, 1972.
Rehearing Denied July 25, 1972.
*50 Richard H.W. Maloy, Coral Gables, and Helen Tanos Hope, Miami, for appellant.
Cushman & Cushman, Miami, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and WILLIS, ROBERT E., Associate Judge.
CARROLL, Judge.
This is an appeal from an order of the juvenile and domestic relations court of Dade County denying a petition of the appellant for change of custody of a child. The parties were divorced by a judgment of the circuit court in Dade County, in January of 1966.
Custody of their sons, then aged nine and eleven years, was awarded to the mother. By an order entered subsequent to judgment, the jurisdiction relating to support and custody of the children was transferred to the juvenile and domestic relations court. The mother has remarried, and lives in Massachusetts. The father, also remarried, resides in Dade County, Florida. There is no question regarding the fitness of the parties.
On August 5, 1971, the father filed a petition for modification of the judgment, to effect a change of custody of the younger son to him. Therein he alleged the son, Herbert, had been residing with him (on visitation) since June 25, 1971; and that the older son had chosen to remain in Massachusetts, where he was employed, during the summer.
No changes of circumstances were alleged as ground for seeking the change of custody,[1] other than the increased age of the boy and his desire to remain in the father's custody. In that regard the petition stated:
"Herbert Goldstein has advised his father, the Petitioner herein, Burton J. Goldstein, that he wishes to remain in Miami and continue to reside with his father and that he does not desire to return to live with his mother in Massachusetts. The said Herbert Goldstein is now 14 years of age and is mature for his age."
On August 25, 1971, prior to a hearing on the petition, the court ordered the father to return the boy, Herbert, to the mother and authorized her to take him to her home in Massachusetts, with direction that the boy should be returned to this jurisdiction at the time of the hearing on the father's petition.
After a hearing on October 21, 1971, the court denied the father's petition, upon finding "that there has been no substantial change in the conditions existing at the time of the original decree awarding custody of said Herbert Goldstein to his mother Eileen Goldstein Leiverman, and that the best interests of said minor child requires that there be no change in custody of said child." In that order the court enlarged the general visitation rights to permit visitation of the son Herbert with his father during the Christmas and Easter school vacations and the summer school recess each year, with provision that the expense of his transportation for such purposes should be paid by the father.
On the basis of the finding by the trial court of absence of changes in the circumstances *51 since the time of the entry of judgment in which custody was awarded to the mother, the denial of the father's petition for change of custody of the boy was in accordance with the law prevailing in such a situation. See Frazier v. Frazier, 109 Fla. 164, 147 So. 464; Jones v. Jones, 156 Fla. 524, 23 So.2d 623; Belford v. Belford, 159 Fla. 547, 32 So.2d 312; Sayward v. Sayward, Fla. 1949, 43 So.2d 865; Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159. The rule pronounced in those decisions was well stated by the Supreme Court in Frazier v. Frazier, supra, as follows:
"It is undoubtedly the law of this state that the proper custody of a minor child of divorced parents is a proper subject for judicial consideration at any time by the court which granted the decree of divorce. Meadows v. Meadows, 78 Fla. 576, 83 So. 392. But it is likewise the law that a decree in a divorce suit, fixing the custody of a child of the parents being divorced, whether based on a stipulation entered into by the parties and approved by the court, or whether entered by the court after adversary hearing and determination of a contested issue respecting the matter, is nevertheless a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court, and then only for the welfare of the child. * * *"
While recognizing the law to be as stated above, counsel for appellant contends the evidence showed changes in circumstances, subsequent to the decree, relating to the matter of custody of Herbert and to his welfare, which were sufficient to require transfer of the custody to the father in the best interest of the boy, in that the evidence disclosed it would not be in his best interest for Herbert to continue in the custody of his mother. Appellant argues that the finding of the trial court to the contrary thereof was not in accord with the evidence and was against the weight and import of the evidence, both as regards changes of circumstances and as to the best interests of the child. Upon full consideration of the record and briefs we are impelled to conclude those contentions of the appellant are meritorious.
This matter is one of a kind for the determination of which a large measure of discretion is reposed in the trial court. Absent a showing of abuse of discretion, a ruling of a trial court thus made ordinarily will not be disturbed on appeal unless it is made to appear that the decision represents an abuse of discretion, is clearly wrong on the evidence, or that the findings and decision of the court were based on a misinterpretation of the legal effect of the evidence or upon a misapplication of the law. The burden of showing that is on a party who challenges such a ruling. In our view the appellant has successfully met that burden in this case.
Examination of the record impels us to conclude, as appellant contends, that the trial court's finding of absence of changes of circumstances since the date and time of the decree, bearing on the custody of the boy, Herbert, was contrary to the weight of the evidence. When the final decree was entered Herbert was nine years of age. He became fifteen years old one month after the custody hearing of last October. His reasons for wanting to live with his father were not formed hastily when he was visiting with his father in the summer of 1971, but over a period of time based on numerous factors relating to his life in the care of the parents. Those matters were fully disclosed in lengthy examination of the boy by the court and counsel at the October 1971 hearing, out of the presence of his parents. Omitting detailing the evidence here (in the interest of the feelings of the parties), we view the record as showing that circumstances have developed in Herbert's relations with and *52 manner of treatment of him by his mother, her present husband, and their parents or relatives, which have an adverse effect upon him that does not obtain when he is with the father.
From the statement by the court in the record it appears the trial judge was aware from the evidence that to require the boy to remain in the custody of his mother would present a problem regarding his future welfare. An appointed court advisor informed the court that it appeared to be in the best interest of this boy that he be allowed to live with his father, and that otherwise there was a likelihood that the boy would leave home, or develop traits of character that could prove to be detrimental to his future well-being. The adverse effect, if any, of separating the boys would be minimal, in view of the showing that the older boy was soon to enter college.
In addition thereto, the record shows a strong desire expressed by the boy to be with his father. While the desire of a child, mature enough to make a reasonable choice, to be in the custody of the one parent rather than the other is not controlling, his expressed desire is entitled to weight. Marshall v. Reams, 32 Fla. 499, 14 So.2d 95; State ex rel. Cline v. Cline, 91 Fla. 300, 107 So. 446; Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208. The degree of weight to be accorded thereto depends on the circumstances of the case. Where, as here, six or seven years have elapsed since the initial custody award, and the child has matured to a high school age of fifteen or sixteen years, and his expressed desire to live with a parent other than that to whom his custody was awarded, has reasonable foundation on factual bases from which it appears his welfare would be furthered by a change of custody to be with the parent of his choice, and adversely affected by a denial of the change, the expressed desire of such a minor should be given great weight. See Eddy v. Staufer, 1948, 160 Fla. 944, 37 So.2d 417; Epperson v. Epperson, Fla. 1950, 101 So.2d 367.
Applicable to this case was the statement of the Supreme Court in Eddy, as follows:
"Although the minor's preference is never controlling, the desire of a strapping six-foot boy of high school age should be given great weight. (citations omitted) It is our opinion that the passage of time has wrought such a change of conditions as to justify the application of the almost universal rule that the Court where the minor is found may make an interlocutory order when intervention is necessary for the welfare of the child. This child is passing through a crucial period. His immediate welfare is at stake. Indeed, the course of his life may be affected adversely by a refusal of the Florida Courts to consider his unquestioned preference. He has reached an age when, unperturbed, he should have and exercise reasonable discretion. The Illinois Court had that view in 1946. The Chancellor before whom he appeared in person in the instant case likewise entertained that view. It is not suggested that the respondent mother is not a fit and proper person to have her elder son's custody. The mother, her present husband, their home and its milieu have received the stamp of approval from both the Illinois Court and the Circuit Court of Polk County, Florida. In fact, a careful examination of the transcript of record of proceedings in the Illinois Court leads us to the conclusion that if this instant controversy were now before that Court the pivotal point would be the `unqualified preference' of Frank Ray Eddy, Jr."
Reluctant as we are to overturn a decision reached by the trial court on a petition for a change of custody, because of an acknowledged better position of the trial court before which such matter was presented to judge its merits, we hold that upon this record the father's petition *53 should have been granted and that he should have been awarded the custody of the boy, Herbert.
Accordingly, the order appealed from is reversed, and the cause is remanded to the trial court with direction to enter an order for such change of custody of the boy, Herbert, until further order of that court, to become effective after the close of the present term of the school he is attending, with the trial court reserving jurisdiction to vacate or terminate the effect of such custody change order if it shall appear upon a subsequent hearing that the factors and circumstances disclosed in the record of the hearing of October of 1971, upon which we have concluded the custody change should have been and should be made, may no longer prevail, by reason of a change of choice of the boy, or otherwise.
Reversed and remanded with directions.
NOTES
[1] Previously, on August 1, 1968, the husband had filed a petition for change of custody of the two children. That petition was filed prior to the remarriage of the wife. Therein the husband alleged the wife was in bad health and was so concerned over her health that her household was "in a constant state of crisis concerning her health," which was detrimental to the health and well-being of the children. In that petition the husband further alleged as a conclusion, without elaboration, that the mother was unfit to have custody of the children and that they were living in circumstances which were detrimental to the welfare of the children. The wife filed an answer denying those allegations and the record before this court does not show any further proceedings on that earlier petition, or any disposition thereof.