292 So.2d 50 (1974)
Mary Elizabeth GREGORY, Appellant,
v.
William A. GREGORY, Jr., Appellee.
No. 73-746.
District Court of Appeal of Florida, Second District.
March 1, 1974.
*51 George W. Phillips, Tampa, for appellant.
David A. Maney of Gordon & Maney, Tampa, for appellee.
MANN, Chief Judge.
The son of the Gregorys is 13, and prefers to live with his father, a preference honored by the trial judge.
The hearing on custody began a week after the boy had returned from a six-week trip with his father and new step-mother. During the week between his return to Tampa and the hearing, the boy was out of school. He and his friends spent these days riding bicycles on busy streets to various shopping centers. Their activities included playing hide-and-seek in Maas Brothers and getting run out of Winn-Dixie by an employee who suspected them of shoplifting. All of these activities were related to the father, who seems to have received the information more as evidence against the mother  which undoubtedly it is  than as evidence of the boy's manipulation of his parents to gain his own ends. This evidence seems to us to reflect credit on neither parent, but rather to emphasize the undesirability of proceeding with a final custody determination at that time. The mother's motion for continuance was denied. We think this was error.
To summarize this record it shows a situation quite the reverse from Taylor v. Schilt, Fla.App., 292 So.2d 47. There both parents placed the children's welfare before their own. Here there is considerable doubt that either parent does. We do not view as mountainous every molehill which the appellant's lawyer finds impressive. For example, his assertion that custody cannot be changed absent a finding of the mother's unfitness has been resolved adversely in Jayne v. Dennison, Fla.App.2d 1973, 284 So.2d 237. A considerable task now awaits the trial judge to determine the best interest of the minor child in this case. Neither the father, who indulges the child, nor the mother, who absents herself from the home at night without making proper provision for the boy, is an ideal parent. We are considering a child whose testimony was taken at the end of a summer which began with the gift of a motorcycle and ended with a custody hearing intentionally scheduled immediately upon return from a long vacation in the father's motor home. There is too great a probability that long exposure to the father during vacation, as distinguished from normal working life, coupled with excessive material indulgence, has tainted the boy's testimony as to preference. In such a case the preference of the child is not entitled to *52 the "great weight" which it otherwise might warrant.
We expressly do not hold that the trial judge arrived at the wrong decision. Much of the testimony about the mother's temper and inattention to the boy is, if credited, serious enough to warrant a change in custody, but she was deprived of two essentials. One is the consideration of the boy's testimony free of the influence of recent exceptional circumstances unusually indulgent of his wants. The other is sufficient time to prepare to present testimony about the fitness of a step-mother who married the father during the vacation.
The order appealed from is vacated to the extent that it is final, reinstated as an order respecting temporary custody, and the cause is remanded for further proceedings consistent with this opinion.
BOARDMAN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.