325 So.2d 441 (1976)
Manfred H. DULLE, Appellant,
v.
Marilyn R. DULLE, Appellee.
Nos. 75-478, 75-1080.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Von Arx & Lipscomb, Miami, for appellant.
Sack & Retter, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
This cause is brought before us on the consolidated interlocutory and plenary appeals of Manfred H. Dulle in which he contends in his plenary appeal that the court erred in denying his petition for rehearing, granting to the wife custody of two of the three children of the marriage, failure to set aside his conveyance by deed to his wife of the marital home and the court's award of support money for the *442 children. The husband, in his interlocutory appeal, complains that the court erred in requiring him, in a post trial hearing, to pay his arrearages in child support for the children pursuant to the wife's motion to compel payment thereof because the wife left the State of Florida with the children. There was no court order prohibiting her from so doing.
There was ample substantial evidence to support the trial judge's award to the wife of custody of two of the three children and the amount of money for their support, as well as the award of the third child (the oldest, age 11) to the husband. Immediately subsequent to the final judgment of divorce, the husband filed a timely petition for rehearing on the basis of newly discovered evidence urging the court to rehear the case pertaining to custody and support money because the exwife, the appellee, had taken the children out of the State and had refused him visitation rights. The court properly denied the petition for rehearing. It affirmatively appears that the relief sought by the husband is by way of a petition for modification based on a change of circumstances rather than rehearing. It is clear that the matters of which the husband complains happened after the final judgment and were not existent prior to or at trial.
Prior to this petition for dissolution, the parties had a matrimonial dispute and then reconciled. Before reconciliation, the husband executed a deed to his interest in the marital home which apparently was the only real property owned by either of them. The deed was signed, witnessed and notarized without filling in the description of the property. Afterwards, the wife filled in the description of the property and recorded the deed. She alleges this was done with the consent of the husband. In the final judgment, the trial court ratified and confirmed the deed and "granted her the home by virtue of the warranty deed." While the depositions of both parties make reference to some of the facts and circumstances in connection with the existence of the deed, neither the depositions nor testimony were offered in evidence at final hearing in this regard. The trial judge stated in the record that the reason for ratifying and confirming the deed was for the benefit of the minor children in custody of the wife. In view of the scant record and further that the wife has left the home and is residing out of this state, it is felt that the trial court should take further testimony as to the disposition of the marital home because the record does not support the validity of the deed and the final judgment does not reflect the trial judge's view that the house should be solely the wife's because of the need to house and support the minor children.
Affirmed in part, reversed in part with directions.