330 So.2d 753 (1976)
Ruth Ann DOANE, Appellant,
v.
James E. DOANE, Appellee.
No. 75-1372.
District Court of Appeal of Florida, Second District.
April 21, 1976.
Rehearing Denied May 19, 1976.
*754 Edward A. Perse, of Horton, Perse & Ginsberg, and Beckham & McAliley, Miami, for appellant.
Thomas E. Maloney, of Maloney & Crane, P.A., Naples, for appellee.
SCHEB, Judge.
The appellant/wife challenges a final judgment in a dissolution of marriage suit, contending the trial court erred in (1) awarding insufficient alimony and child support; (2) awarding custody of the parties' minor son to the appellee/husband; and (3) ordering partition and sale of the marital home when the youngest child attains majority. We affirm the award of alimony, reverse on the issue of custody and therefore remand for redetermination of child support, and reverse the order directing partition and sale of the marital home.
The parties were married in 1965 and have three children; James, Jr., age 10, Danielle, age 9, and Kelly Ann, age 8. The father is in his 50's and the mother in her 30's. The mother petitioned for custody of all three of the children, while the father requested custody of only their son. The children are well adjusted and get along well together. While the testimony shows that the mother has spent more time with the children and seemed to be in charge of their discipline, the record amply sustains the trial judge's conclusion that both parties are fit and proper persons to be vested with custody of the children. Each is morally qualified and so situated to satisfactorily serve as a custodial parent. The trial judge awarded custody of James, Jr. to the father, and Danielle and Kelly Ann to the mother.
It is the function of the trial judge to award custody based upon his determination of what is in the best interest of the children. We have repeatedly held that in making this determination, the trial judge is vested with very broad discretion; our most recent expression to this effect being in Hosking v. Hosking, Fla.App.2d 1975, 318 So.2d 559. We recognize that an appellate court should not reverse the trial judge's findings and award of custody absent an abuse in the exercise of that discretion. Dinkel v. Dinkel, Fla. 1975, 322 So.2d 22.
In Arons v. Arons, Fla. 1957, 94 So.2d 849, our Supreme Court held it was error to divide the custody of children by granting custody of the oldest child to the divorced husband and custody of the two younger children to the divorced wife. The court, speaking through Mr. Justice O'Connell said:
"We are impressed with the fact too that the decree of the chancellor, which divides the children of the parties, will result in further destruction of what is *755 left, after divorce, of this family unit. We are of the view that the children in a family should not be separated from each other and distributed about in different homes, except for the most compelling cause. For while brothers and sisters may not have a legal right to remain together, to share each others lives, and to grow up together, certainly they have a natural right to do so. Justice requires that society exercise its moral duty to insure that children in a family enjoy this right until such time as absolute necessity and the welfare of the children, itself, requires their separation. Such necessity does not exist here."
We recognize that the Arons decision is not without exceptions. Division of custody of the children in a family has been upheld in several cases.[1] In each of these cases, however, there was substantial evidence of peculiar circumstances to justify such an award.
Here, the final judgment entered by the trial judge does not recite any compelling reason to provide for divided custody of the children between the parties, and our review of the evidence fails to reveal any compelling cause to separate the brother from his sisters. There was testimony by a psychiatrist that the boy would prefer to be with his father but the psychiatrist's testimony also indicated that at that time the boy was better off being with his mother and sisters.
One of the most tragic results of a dissolution of marriage is the deprivation of the mutual privileges and responsibilities of parenthood. And, even though the trial judge does have broad discretion in matters of custody, we feel that here he abused his exercise of that discretion by separating the siblings. Whenever possible the family unit should not be further fractured as a consequence of a marriage being dissolved. Here, the brother and sisters would be deprived of growing up together with some common denominator of discipline and the advantages of sharing mutual experiences within the home and family unit. Although each parent appears to be a fit and proper person, we think that considering the various factors affecting the physical, mental, and moral development of children of such tender years, and in the absence of compelling reasons to the contrary, it is appropriate that custody of James, Jr., along with the other siblings, be vested in the mother. We hold the trial judge erred in not awarding custody of all three children to the mother who prayed for such custody.
The trial court awarded the wife $50,000 in lump sum alimony and required the husband to pay $500 per month child support and assume financial responsibility for all educational and medical expenses of the children. The wife was given exclusive use of the marital home, furnishings, and equipment until the youngest child obtains majority. During that period the husband is required to pay all taxes, insurance and utilities incident to the former marital home. The wife has not demonstrated any abuse of discretion on the part of the trial judge in the amounts of these awards; however, in view of our decision on custody, it is necessary for the trial court to redetermine the amount of child support.
The final judgment further provided:
"When the youngest son (sic) reaches majority or the wife remarries the marital home and its furnishings and appliances shall be sold and the net proceeds of the sale will be divided equally between the parties. The Court reserves jurisdiction for the purpose of overseeing any such sale."
*756 Since there was no prayer for partition and no consent to the trial of that issue, the trial court erred in providing for the sale of the marital home and distribution of the net proceeds thereof. See Rankin v. Rankin, Fla.App.2d 1972, 258 So.2d 489.
Reversed in part and affirmed in part and remanded to the trial court for further proceedings consistent with this opinion.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] See, e.g., Dulle v. Dulle, Fla.App.3d 1976, 325 So.2d 441; Reinhart v. Reinhart, Fla. App.1st 1974, 291 So.2d 103; Pollak v. Pollak, Fla.App.3d 1967, 196 So.2d 771; Brackin v. Brackin, Fla.App.1st 1966, 190 So.2d 816.