**ROSENTHAL v. ROSENTHAL**
Case No. 78-15941
Thirteenth Judicial Circuit, Hillsborough County
September 9, 1981

Jill Giordano, for plaintiff.

Robert Bolland, for defendant.

GUY W. SPICOLA, Circuit Judge

THIS CAUSE coming on to be heard on September 2 and 3, 1981, upon MARTIO H. ROSENTHAL's Petition for Modification of the Final Judgment, and the Court being fully advised in the premises makes the following findings of fact and conclusions of law:

1. That the marriage of the parties was dissolved by Final Judgment on August 23, 1979, wherein BEVERLY ROSENTHAL was given custody of the minor children of the parties, to-wit: Beth Rosenthal, born February 28, 1969, Michael Rosenthal, born September 24, 1970, and Jamie Rosenthal, born June 24, 1974.

2. That on or about September 26, 1979, BEVERLY ROSENTHAL voluntarily surrendered custody of two of the minor children, to wit: Beth Rosenthal and Michael Rosenthal, to MARTIO H. ROSENTHAL.

3. That another Judge sitting in this division denied a previous request to change the custody of Jamie Rosenthal from BEVERLY ROSENTHAL to MARTIO H. ROSENTHAL on May 6, 1980, but there has been a substantial change in circumstances since that date warranting a change of custody that would be in the best interest of said Jamie Rosenthal, including, but not limited to the fact that Jamie Rosenthal, has reached the age where he appreciates the companionship of his siblings, the mother is now employed outside the home, the child's moral environment in the mother's home has deteriorated, the mother lacks the capacity acting alone to give the child the guidance he needs, and the permanence, as a family unit, of the proposed family home of the father.

The child is of tender years, and therefore, all other things being equal, the mother should have custody. *Fields v. Fields*, 192 So.2d 530 (Florida 1940); *Dinkel v. Dinkel*, 322 So.2d 22 (Florida 1975); *McAnespie v. McAnespie*, 200 So.2d 606 (2 DCB Fla.1967). However, things are not equal on astable and continuing basis in this case. *Lindgren v. Lindgren*, 200 So.2d 440 (2 DCB Fla.1969); *Anderson v. Anderson*, 309

So.2d 1 (Florida 1975); *Maran v. Maran*, 384 So.2d 951 (4 DCA Fla.1980); *Bregman v. Bregman*, 388 So.2d 1285 (3 DCA Fla.1980). The Court must consider what is in the best interest of the child. 61.13(3), F.S. The best interest of the child is the pole star of our law of custody as between competing parents. *McKennon v. McKennon*, 312 So.2d 804 (1 DCB Fla.1975); *Brust v. Brust*, 266 So.2d 400 (1 DCA Fla.1972). The mental health and moral fitness of the parents are factors that the court can consider in determining the best interest of the child. *Roper v. Roper*, 336 So.2d 654 (4 DCA Fla.1976). In this regard, the court had the opportunity to observe both parents' demeanor and personalities, as well as that of their witnesses for the better part of two days, and to feel the forces, powers and influences that cannot be discerned by merely reading the cold record. *Grant v. Corbitt*, 95 So.2d 25 (Fla.1975). When the evidence indicates that it is in the best interest of the child for custody to be awarded to the father, any "presumptions," "prime consideration," or "natural edge" abiding with the mother is overcome and custody should be awarded to the parent in whose custody the best interest of the child will be served, in light of the evidence adduced. *Snedaker V. Snedaker*, 327 So.2d 72 (1 DCA Fla.1976).

The law does not favor split custody because it further deteriorates the family unit. The Florida Supreme Court has stated that it was of the view that the children in a family should not be separated from each other and distributed about in different homes except for the most compelling causes. There is a natural right of brothers and sisters to remain together, share each other's lives and grow up together. Justice requires that society exercise its moral duty to insure that children in a family enjoy life together until such time as absolutely necessary and the welfare of the children itself requires their separation. *Arons v. Arons*, 94 So.2d 894 (Fla.1957). Whenever possible the family unit should not be further fractured as a consequence of a marriage being dissolved. *Doane v. Doane*, 330 So.2d 753 (2 DCA Fla.1976). The mother is unwilling and unable at this time to take custody of all three children.

As stated above, an earlier petition for modification of custody was denied by another Judge sitting in this Division. This fact is noted because a modification to change custody of a child can be justified not only on a material change in circumstances, but also based on material facts unknown at the time of the ruling sought to be modified. *Wilson v. Condra*, 255 So.2d 702 (1 DCA Fla.1971); *Walfish v. Walfish*, 383 So.2d 274 (3 DCA Fla.1980). While there is no record before the Court as to what was presented to the Judge at the earlier hearing, it is difficult to imagine that the earlier trial judge would have ruled as he

did, given the facts and circumstances presented to this Court on September 2 and 3, 1981.

While a change in custody does not require a determination that one parent is unfit [*Taylor v. Schilt*, 292 So.2d 47 (2 DCA Fla.1974); *Jayne v. Dennison*, 284 So.2d 237 (2 DCA Fla.1973)], the mother's conduct has been, at best, less than acceptable since the last hearing on this matter. See *Niles v. Niles*, 299 So.2d 162 (2 DCA Fla.1974). However, the father and stepmother's conduct in regard to undermining the children's relationship with the natural mother must be noted. Neither parent should deliberately undermine the child's love for the other with that purpose consciously in mind. *Taylor v. Schilt*, supra. It is, thereupon

ORDERED and ADJUDGED:

1. That the custody of Jamie Rosenthal is awarded to MARTIO H. ROSENTHAL.

2. That BEVERLY ROSENTHAL shall have reasonable visitation privileges with the three minor children of the parties.

3. That neither party shall undermine the children's love for the other.

4. That neither party shall remove the children from the State of Florida without the written consent of the other party or Order of this Court.