## WESTON v. WESTON
No. 76-37934
Eleventh Judicial Circuit, Dade County
March 29, 1982 and
May 25, 1982

Betty Kessler, for petitioner.

Robert S. Singer, for respondent.

STEVEN D. ROBINSON, Circuit Judge (Acting)

In this case the Court is considering the mother's Petition for Modification of Custody filed August 27, 1980.

This Court is asked to grant or deny exceptions to the February, 1982, Report of the General Master supplementing the General Master's Report and Recommendations of January 28, 1982.

On January 12, 1979, and supplemented by an Order dated January 11, 1980, the Circuit Court changed permanent custody to the husband.

The General Master found that custody should be modified and given to the mother. The father filed timely exceptions. The Court has reviewed the recommendations of the Department of Health and Rehabilitation Services, has read transcripts of the proceedings held on December 11, 1981 and December 21, 1981, and has considered the Masters' two Reports.

This Court finds that the Reports misconceive the legal effects of the evidence and are erroneous in the admission of the child's preference.

1.   When the retention of present custody is not harmful to a child, there is no legal basis to change custody. In *Stricklin v Stricklin,* 383 So.2d 1183 (4th Dist. Fla., 1980), the Court held that to modify custody "there must be complete, substantial evidence that 1) there has been a substantial or material change in the condition of the parties and the best welfare of the child will be promoted by the change in custody". Although there need not be a finding that the custodial parent is unfit, negative factors in the circumstances of the custodial parent and intervening special needs of the child are factors minimally required. 383 So.2d 1183, 1184.

The record before this Court in this case is devoid of any such circumstances. The proper test for the Court to consider in modifying custody was laid out in *Teta v Teta,* 297 So.2d 642, 646 (1st Dist. Fla., 1974)

> "When considering petitions for modification of custody or visitation arrangements, the Court does not have the same degree of discretion as it does in entering the original decree. The law favors the reasonableness of the original decree, and, in fact, the same is res judicata of all matters involved and known at the time of the decree and is to be afforded and entitled to this weight at a subsequent proceeding. The party seeking a modification has the burden of proof to show facts warranting modification and to show that the change is for the child's best interests."

*Ritsi v Ritsi,* 160 So.2d 159 (3rd Dist. Fla., 1969) is directly in point. The husband was awarded custody pursuant to the Agreement of the parties. The former wife petitioned for modification. The Court found no question presented as to the fitness of the father and the Court specifically held "Remarriage of the mother and acquisition by her of a suitable home are not changes of circumstances which of themselves justify a change of custody from the father to her."

> "A change of decreed custody is justified in such improved circumstances of the wife when coupled therewith are circumstances relating to the present custody which are improper and harmful to the child or children so as to make it manifest that a change of custody is essential for their welfare." (Citations omitted) 160 So.2d 159, 164.

The record here in no way supports any improper or harmful circumstances. In fact, the Master concluded that either parent's circumstances were suitable and there was nothing negative.

2. Paragraph 5 of the supplemental exceptions challenge the sufficiency and weight to be given the hearsay statement of the child that he wished to live with his mother, made while the child was visiting with his mother.

This kind of statement is highly unreliable. *Berlin v. Berlin,* 386 So.2d 577 (3rd Dist. Fla., 1980) held, "Only a child mature enough to make a reasonable choice between competing custodial parents is entitled to any weight (in his choice)," 386 So.2d 577, 579. There is no evidence that the child in this case has the necessary maturity, and, therefore, there was no predicate laid to allow the Master to consider the testimony given by the caseworker; and therefore, the statement of the child's preference should have not been considered.

This testimony is also incompetent because it is hearsay and seemingly obtained contrary to Health and Rehabilitation Services DFS Manual 012 of February 18, 1976, Chapter 2.4.

Even if the evidence were competent, the Master is incorrect giving the weight he did to the child's preference. The Master found this choice to be the best way to determine the best interests of the child. As the Master found all other considerations equal (home end environmental conditions, no harmfulness in either household) the child's preference seems to be the primary basis of his judgment. In *Garvey v Garvey,* 383 So.2d 1173 (2d Dist. Fla., 1980), the Court held "although the preference of a child is one factor to be considered, it cannot control the disposition of custody".

3. The granting of the Exceptions related above makes consideration of other Exceptions unnecessary.

The Findings of Fact and Recommendations of a Master should be approved and adopted by the trial judge, unless they are clearly erroneous, and it appears that the Master has misconceived the legal effect of the evidence, *Shaw v Shaw,* 389 So.2d 81 (3d Dist. Fla. 1979). It is clear to this Court that in this case the Master did misconceive the legal effect of the evidence.

It Is Therefore, ORDERED AND ADJUDGED that the Exceptions referred to above are granted. The Petition for Modification of Custody is HEREBY DENIED.

THIS CAUSE came before the Court on a Petition for Rehearing filed by the Petitioner/Mother CHERYL WESTON on March 29, 1982. The Court has reviewed the carefully researched Memoranda and rebuttal Memoranda of Law submitted by the parties. The Petitioner/Mother cites *Hoffman v. Linley,* 201 So.2d 638 (3rd Dist. Fla. 1967) that the Court erred in not recognizing that un-fitness of the custodial parent is not a requirement to change custody where custody was originally awarded the present noncustodial parent (that parent having lost custody in a previous modification.) This holding of this case appears contrary to the later case of *Berlin v. Berlin,* 386 So.2d 577 (3rd Dist. Fla. 1980), when an order to restore custody to the original parental custodian was reversed. The Court specifically found that ''[t]here was no showing that the father's custody of the children was unsatisfactory in any way. . . . ''

This may mean that the Linley case is no longer the law in the Third District. If that is so, it is a good thing. The Linley holding encourages the shuffling of children from one fit home to another. The case also stands for the proposition that a modified custody is a less secure custody and is, in fact, somewhat temporary.

Petitioner's citations are distinguishable for the instant case. Petitioner cited *Goldstein v. Goldstein,* 264 So.2d 49 (3rd Dist. Fla. 1972), that unfitness need not be shown in any case. Though unfitness was not considered as a factor, the Court did find that continued custody with the Respondent in that case presented a problem regarding the child's future welfare. (264 So.2d 49, 52).

*Jayne v. Dennison,* 284 So.2d 237 (2d Dist. Fla. 1973) held that even though unfitness may not be required, negative factors short of unfitness are necessarily applicable. *Goodman v. Goodman,* 291 So.2d 106. (3rd Dist. Fla. 1974), does not stand for the principle that unfitness in the custodian's household need not be shown, but only that the trial Court need not state its conclusion to its Order, where the evidence such as was summarized in that case supports the Court's ruling. In the instant case, this Court's review of the record showed that the Master heard no evidence of either unfitness, negative factors or detriment in the father's household.

The record also reflects that the Master did not hear evidence of specific factors, other than the child's expression of preference, that would lead to his conclusion that the best interest of the child required

custodial modification. The Court's review of the evidence is consistent with the Master's conclusion that the home and environment conditions are the same in each household as relates to the best interests of the child.

Therefore, it is ORDERED AND ADJUDGED that the Petitioner/Mother's Petition for Rehearing IS DENIED.